NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN DEON TURNER, Jr., | No. 19-16848 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-01737-AWI-JDP |
| v. | |
| WILLIAM JOE SULLIVAN, Warden, Tehachapi California Correctional Institution; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

California state prisoner Steven Deon Turner, Jr., appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

retaliation and conspiracy claims arising out of a disciplinary charge.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal as *Heck*-barred. *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007). We affirm.

The district court properly dismissed Turner's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Turner challenged the disciplinary charge and the resulting loss of good-time credits but he failed to allege facts sufficient to show that the disciplinary charge, including the loss of good-time credits, had been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement," but "must [instead] seek federal habeas corpus relief[.]" (citation and internal quotation marks omitted)); *Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (challenge to loss of good-time credits not cognizable under § 1983).

Turner's motion for judicial notice (Docket Entry No. 5) is denied.

**AFFIRMED.**